IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| PROFESSIONAL VIDEO ) | Bankruptcy Case No. 05-00016 |
| ASSOCIATES, INC. ) | |
| ) | Jointly Administered |
| Debtor. ) | |
| ) | |
| MICHAEL J. HORAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 07-629-GMS |
| ) | |
| WILLIAM DANTON, ) | |
| PROFESSIONAL VIDEO ) | |
| ASSOC., INC., and VIDEO ) | |
| LOTTERY CONSULTANTS, INC. ) | |
| ) | |
| Appellees. ) | |

**MEMORANDUM**

### I.  INTRODUCTION

Presently before the court is an appeal from the August 24, 2007 Order and Memorandum Opinion (collectively, the "August 24 Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). For the reasons that follow, the court will affirm the Bankruptcy Court's August 24 Order.

### II.  BACKGROUND

Appellant, Michael J. Horan ("Horan") is a computer software inventor and former owner of Professional Video Assoc., Inc. ("PVA" or the "Debtor"). (D.I. 11 at 3.) Following a dispute over

the ownership of PVA, on February 27, 1997, Horan and the appellees[1] entered into a settlement agreement (the "Settlement Agreement") relating to certain software assets that define a patented method of playing poker in video game console format. (*Id.* at 4.) Specifically, under the Settlement Agreement, Horan is entitled to receive and distribute all upgrade, updates, modifications, and new versions of a software gaming program owned by the appellees. (D.I. 1, Attachment 2 at 1-2.) Subsequently, in 1999, the appellees developed a software gaming program known as the "Pierce Product." (*Id.* at 2.) This Pierce Product, however, was never operable. (*Id.*)

Thereafter, in the adversary proceeding underlying this appeal, Horan alleged that: (1) the appellees were required to deliver the Pierce Product to him as "an upgrade, update, modification, or new version" of a software gaming program under the Settlement Agreement, and (2) their failure to do so constituted a breach of the parties' agreement. (D.I. 1, Attachment 2 at 2.). The issue before the Bankruptcy Court, was "whether something that is 'inoperable' [*i.e.*, the Pierce Product] constitutes and upgrade, update, modification, or new version" as contemplated by the Settlement Agreement. (*Id.*) In its August 24 Order, the Bankruptcy Court concluded that the "Pierce Product [was] not an upgrade, update, modification, or new version," and that the appellees' "failure to deliver it to [Horan was] not a breach of the Settlement Agreement." (*Id.*)

### III. THE PARTIES' CONTENTIONS

Here, Horan argues that the Bankruptcy Court's August 24 Order is in error and should, therefore, be overruled. Specifically, he contends that the Bankruptcy Court erred in its construction of the Settlement Agreement by "failing to give effect to the plain terms of the agreement", and by

---

[1] The appellees in this appeal are: PVA, William Danton, and Video Lottery Consultants, Inc.

concluding that the Settlement Agreement is "merely a distribution agreement." (D.I. 11 at 8.) He further contends that the Bankruptcy Court erred in failing to find the appellees in breach of the Settlement Agreement for "failing to turn over the Pierce Software to [him]." (*Id.* at 11.)

The appellees contend that Horan's appeal is without merit and that the Bankruptcy Court's decision should be affirmed. Specifically, they contend that the Bankruptcy Court did not err in finding that: (1) the Settlement Agreement conveyed only distribution rights, (2) the Pierce Product was not an upgrade, update, modification, or new version, and (3) the appellees did not breach the Settlement Agreement. (*See* D.I. 10 at 11-15.)

## IV. JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction to hear this appeal pursuant to 28 U.S.C.A. § 158(a)(1). In reviewing a case on appeal, the bankruptcy court's factual determinations will not be set aside unless they are clearly erroneous. *See Mellon Bank, N.A. v. Metro Comm., Inc.*, 945 F.2d 635, 641 (3d Cir. 1991). Conversely, a bankruptcy court's conclusions of law are subject to plenary review. *Id.*

## V. DISCUSSION

After having considered the record on appeal, the parties' submissions, the standard of review, and the applicable law, the court finds that the Bankruptcy Court committed no legal error. The court will, therefore, affirm the Bankruptcy Court's decision in this case.

The Bankruptcy Court did not err in finding that the Settlement Agreement conveyed only distribution rights to Horan. The court correctly construed the plain language of the Settlement Agreement as providing Horan only with distribution rights to the "Software Assets." Indeed, the Settlement Agreement states, in relevant part, that "PVA . . . grants and conveys to Horan, all exclusive distribution and all other related rights in and to the Software Assets". (D.I. 1, Attachment

2 at 13.) The Bankruptcy Court correctly limited these distribution rights to the Software Assets alone, such that Horan could not "distribute, demonstrate, manufacture, and duplicate" by constructing his own hardware and connecting it to the software to make it operable. (*Id.* at 11-12.) The court is persuaded that the clear language of the Settlement Agreement supports the Bankruptcy court's determination that Horan was "entitled only to distribution rights". (*Id.*) The court cannot, therefore, conclude that the Bankruptcy Court erred in its factual findings or legal conclusions in this regard.

The court disagrees with the appellant's contention that the Bankruptcy Court erred in failing to find the appellees in breach of the Settlement Agreement. The Bankruptcy Court properly determined that the Pierce Product, "though 99.9 percent complete" was not "an upgrade, update, modification, or new version." (D.I. 1, Attachment 2 at 13.) In making this determination, the court correctly applied common definitions for the terms "upgrade", "update", "modification", and "new version". (*Id.* at 14.) In addition, the court agrees with the Bankruptcy Court's finding that the Pierce Product was "inoperable," and that the software was, "therefore of no value or use to [Horan] in light of the limited rights under the Settlement Agreement, and thus was not an upgrade, update, modification, or new version". (*Id.* at 16.) Moreover, it is reasonable to conclude that, under the Settlement Agreement, Horan could only utilize and distribute a functioning gaming system. The Pierce Product, however, was inoperable. The Bankruptcy Court, therefore, correctly concluded that the appellees could not have breached the Settlement Agreement by failing to turn over the Pierce Product to Horan. The court detects no error in the Bankruptcy Court's factual determinations, nor in its legal conclusions in this regard.

## VI. CONCLUSION

For the foregoing reasons, the court will AFFIRM the Bankruptcy Court's August 24 Order.

Dated: February 12, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>PROFESSIONAL VIDEO ASSOCIATES, INC.<br><br>Debtor. | Chapter 11<br><br>Bankruptcy Case No. 05-00016<br><br>Jointly Administered |
| MICHAEL J. HORAN,<br><br>Appellant,<br><br>v.<br><br>WILLIAM DANTON, PROFESSIONAL VIDEO ASSOC., INC., and VIDEO LOTTERY CONSULTANTS, INC.<br><br>Appellees. | C.A. No. 07-629-GMS |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The August 24, 2007 Order and Memorandum Opinion of the Bankruptcy Court is

    AFFIRMED.

Dated: February 12, 2009

CHIEF, UNITED STATES DISTRICT JUDGE